**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 23-4115**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

BENJAMINE MOSS, JR., a/k/a BJ,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:21-cr-00088-D-1)

─────────────

Submitted:  November 16, 2023                    Decided:  November 21, 2023

─────────────

Before AGEE and RICHARDSON, Circuit Judges, and FLOYD, Senior Circuit Judge.

─────────────

Dismissed in part and affirmed in part by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  Howard W. Anderson III, TRULUCK THOMASON LLC, Greenville, South Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Benjamine Moss, Jr., seeks to appeal his conviction and the 246-month sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, a quantity of marijuana, and 40 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846; distribution of a mixture and substance containing heroin and fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Moss' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether Moss' sentence is reasonable. Moss did not file a pro se supplemental brief after being notified of his right to do so. The Government has moved to dismiss the appeal as barred by Moss' waiver of the right to appeal included in the plea agreement.

Where, as here, the Government seeks to enforce an appeal waiver and Moss has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issue raised on appeal falls within its scope. *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021). Our review of the plea hearing leads us to conclude that Moss knowingly and intelligently waived his right to appeal and that the waiver is valid and enforceable. Moss' challenge to his sentence falls squarely within the waiver's scope, and we have reviewed the record in accordance with *Anders* and have identified no potentially meritorious issues that would fall outside the scope of the waiver. Accordingly, we grant

2

the Government's motion to dismiss Moss' appeal as to all issues within the waiver's scope. We affirm the remainder of the district court's judgment.

This court requires that counsel inform Moss, in writing, of the right to petition the Supreme Court of the United States for further review. If Moss requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Moss. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*